# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

SHAPAT NABAYA,

      Petitioner,

v.                                                    Civil Action No. **3:17CV731**

U.S. ATTORNEY,

      Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 and paid the required filing fee.[1] By Memorandum Order

entered on March 2, 2018, the Court directed Petitioner to show cause why the action should not

be dismissed without prejudice to Petitioner pursuing any claim in his criminal case or any direct

appeal therefrom. (ECF No. 12.) Petitioner has responded. (ECF No. 13.) Petitioner asserts

---

[1] In March 2017, Petitioner filed a civil lawsuit in the District Court for the District of Columbia against individuals involved in Petitioner's criminal case, including the prosecutors, the defending attorneys, Magistrate Judge Novak, the probation officer, and the undersigned. *Nabaya v. Aber, et al.*, No. 17cv440 (D.D.C.) (ECF Nos. 1, 4.); *see also United States v. Nabaya*, No. 3:17cr3 (Apr. 7, 2017 Mem. Order, ECF No. 51 at 2–3 & n. 1) (Petitioner's criminal case in the Eastern District of Virginia). The District of Columbia civil case has since been dismissed. *Nabaya v. Aber*, No. CV 17-440 (TJK), 2018 WL 1583311, at *4 (D.D.C. Mar. 31, 2018).

On April 11, 2017, the undersigned conducted a hearing and addressed, *inter alia*, petitioner's continued request that the undersigned recuse herself. By Memorandum Opinion dated April 19, 2017, the undersigned overruled Petitioner's recusal request. *United States v. Nabaya*, No. 3:17CR3, 2017 WL 1424802, at *3 (E.D. Va. Apr. 19, 2017). "As held by Judge Novak in response to a similar request by Nabaya, '[t]he D.C. Lawsuit does not constitute grounds for the undersigned's recusal, as Defendant 'cannot be allowed to create the basis for recusal by [his] own deliberate actions.'" *Id.* (alteration in original) (quoting April 7, 2017 Mem. Order 3 n.1)); *see also id.* No. 3:17CR3, Mem. Op., ECF No. 164 at 5 & n.8) (reiterating Court's previous overruling of Petitioner's recusal request).

Because the undersigned has presided over Petitioner's criminal trial and because the undersigned has repeatedly found no conflict or basis to recuse herself, the undersigned will address this Petition despite the fact that Petitioner had a pending lawsuit against the undersigned.

that he should be allowed to proceed with his § 2241 Petition because he has raised a speedy trial challenge.

It is well settled that, "[t]o be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal pretrial detainee must first exhaust other available remedies." *LeSane v. United States*, No. 3:08cv247, 2008 WL 4154303, at \*1 (E.D. Va. Sept. 5, 2008) (citing *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918)), *aff'd*, 308 F. App'x 694 (4th Cir. 2009); *see Jones*, 245 U.S. at 391–92 (citations omitted) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Although Petitioner's federal criminal trial has concluded, Petitioner remains free to pursue any properly preserved speedy trial challenge on direct appeal. *See LeSane*, 2008 WL 4154303, at \*1 ("Because Petitioner has not pursued any appeal concerning his speedy trial challenges, he is precluded from litigating them in his present petition for a writ of habeas corpus."). Accordingly, the § 2241 Petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

_____ /s/
M. Hannah Lauck
United States District Judge

Date: **APR 1 6 2018**
Richmond, Virginia

APR 3 6 2018